United States District Court
District of Massachusetts

```
                                    )
Paul S. Mellen,                     )
                                    )
          Plaintiff,                )
                                    )
          v.                        )    Civil Action No.
                                    )    25-12169-NMG
IMDb.com, Inc.,                     )
                                    )
          Defendant.                )
                                    )
```

## MEMORANDUM & ORDER

GORTON, J.

Plaintiff Paul Mellen ("plaintiff" or "Mellen") filed the instant complaint pro se against defendant IMDb.com, Inc. ("defendant" or "IMDb").  IMDb is an online database of film, television and entertainment credits and information.  Mellen alleges that IMDb fraudulently charged him for a paid membership to its service IMDbPro without his knowledge or consent.

Defendant now moves to dismiss and compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, or, in the alternative, to dismiss for failure to state a claim upon which relief can be granted.  For the reasons that follow, that motion will be allowed and arbitration compelled.

- 1 -

## I.   Facts

### A. Plaintiff's Complaint

As relevant to the instant motion, Mellen alleges that beginning in March, 2019, IMDb automatically charged him, via his credit card, for a monthly subscription to IMDbPro.  He alleges that he never signed up for or received the service and that he was not notified that the subscription had been initiated and would be renewed automatically.  Mellen claims that IMDb used credit cards stored on his Amazon online shopping account to charge him $1,219 in total for 61 consecutive months of service.

### B. Defendant's Motion to Compel

Defendant avers that plaintiff signed up for a free basic IMDb account in February, 2021.  An affidavit filed by defendant supports that claim.  When registering for a basic IMDb account, a user is required to agree to the Conditions of Use ("the COU"), which are hyperlinked on that page.  At all relevant times, the COU contained a mandatory arbitration clause, which stated that

> [a]ny dispute or claim relating in any way to your use of any IMDb Service, or any products or services sold or distributed by IMDb or through the IMDb Services will be resolved by binding arbitration rather than in court[.]

Defendant further contends that plaintiff's wife, Karen Mellen, created an IMDb basic account and subscribed to IMDbPro in March, 2019.  When subscribing to IMDbPro, a user must

affirmatively accept the Subscriber Agreement, which is hyperlinked on the Payment Method page.  At all relevant times, the Subscriber Agreement contained a mandatory arbitration clause, which stated that

> [a]ny dispute or claim relating in any way to your use of this Site, goods, or services sold or distributed by or through this Site will be resolved by binding arbitration, rather than in court[.]

### C. Procedural History

This is Mellen's third time around suing defendant.  First, Mellen filed in the small claims session of Plymouth District Court.  Next, in January, 2025, plaintiff filed a single-count complaint against "Amazon, Inc. d/b/a IMDbPro" in Massachusetts Superior Court for Plymouth County ("the Prior Action").  IMDb removed that case to this Court which dismissed it without prejudice pursuant to Fed.Rs.Civ.P. 12(b)(2) and 12(b)(5) in July, 2025.  In August, 2025, Mellen filed the instant complaint against defendant rather than refiling an amended complaint in the Prior Action as permitted by Court Order in July, 2025.  In April, 2026, United States District Judge Angel Kelley transferred the case to this session as related to the Prior Action.

## II.  Legal Standard

The FAA mandates that written arbitration agreements shall be "valid, irrevocable and enforceable". 9 U.S.C. §2.  The

statute was enacted to overcome widespread "judicial resistance" to the enforcement of arbitration agreements, Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006), and intended to move arbitrable disputes out of the courtroom and into arbitration in an efficient manner, Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983).

A party seeking to compel arbitration under the FAA must demonstrate that a valid agreement to arbitrate exists and that the other party is bound by that agreement. See Soto v. State Indus. Prods. Inc., 642 F.3d 67, 72 (1st Cir. 2011). If a party enters a valid contract that requires dispute resolution through arbitration, "she's bound by her contract and she must resolve those claims through arbitration." Rivera-Colón v. AT&T Mobility P.R., Inc., 913 F.3d 200, 207 (1st Cir. 2019). Further, if a valid and binding agreement delegates the question of arbitrability to an arbitrator, the court may not decide that issue and must compel arbitration. Henry Schein, Inc. v. Archer and White Sales, Inc., 586 U.S. 63, 69 (2019).

The moving party bears the burden of establishing that a valid arbitration agreement exists. Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc., 43 F.4th 150, 167-68 (1st Cir. 2022). When considering a motion to compel arbitration, courts ordinarily apply the standard applicable to summary judgment. Id. at 168. If the non-moving party creates a genuine

- 4 -

issue of fact regarding the arbitrability of a dispute, the motion to compel arbitration will be denied. See id.  If, however, the court finds that an enforceable arbitration agreement exists, it may either stay the existing litigation pending arbitration or compel the parties to arbitrate and dismiss the action. Bekele v. Lyft, Inc., 199 F. Supp. 3d 284, 293 (D. Mass. 2016).

### III. **Analysis**

IMDb has proffered evidence that Mellen agreed to the COU and to its mandatory arbitration clause when signing up for a basic IMDb account in 2021.  Such clickwrap agreements are routinely enforced, particularly where the terms are hyperlinked for the user's review. See, e.g., Emmanuel v. Handy Techs, Inc., 992 F.3d 1, 8 (1st Cir. 2021).  Defendant has thus met its burden of demonstrating that a valid arbitration agreement exists and is enforceable against plaintiff.  Because that agreement delegates any question about arbitrability to the arbitrator, the Court need not, and indeed may not, determine whether the subject dispute falls within the scope of the agreement. Henry Schein, 586 U.S. at 69.

To defeat defendant's motion, plaintiff must now establish that a genuine issue of fact regarding the arbitrability of the dispute exists.  He has not done so.  Indeed, Mellen fails to refute or even acknowledge the claim that he created a basic

- 5 -

IMDb account and therefore accepted the COU.  Instead of responding to that contention, he repeatedly argues that a valid contract to retain IMDbPro was never consummated.  Whatever merit there is to that argument, it is irrelevant to the issue at hand.  So long as Mellen created a basic IMDb account, he is bound by the mandatory arbitration clause in the COU.  It is undisputed that he created such an account and the Court will therefore uphold the contract and compel arbitration.

## ORDER

For the reasons set forth above, defendant's motion to dismiss and compel arbitration (Docket No. 14) is **ALLOWED**.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated:  June 25, 2026